Dane H. Butswinkas (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile:  (202) 434-5029
Email: dbutswinkas@wc.com

Scott P. Cooper (Cal. Bar No. 96905)
Jennifer L. Jones (Cal. Bar No. 284624)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Facsimile:  (310) 557-2193
Email: scooper@proskauer.com
           jljones@proskauer.com

*Attorneys for Defendants*
[*Additional counsel listed on signature page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| WINSTON R. ANDERSON, CHRISTOPHER M. SULYMA and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION INVESTMENT POLICY COMMITTEE, et al.,<br><br>Defendants. | Case No.  5:19-cv-04618-LHK<br>(Consolidated with Case Nos. 5:16-cv-00522-LHK, 5:15-cv-04977-LHK)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Amended Consolidated Complaint Filed: March 22, 2021<br><br>Date:  September 23, 2021<br>Time:  1:30 p.m.<br>Place:  San Jose Courthouse<br>           Courtroom 8 – Fourth Floor<br>Judge:  Hon. Lucy H. Koh |

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

PLEASE TAKE NOTICE THAT on September 23, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Jose Division, in Courtroom 8, Fourth Floor, 280 South First Street, San Jose, California, before the Hon. Lucy H. Koh, Defendants will request that, in evaluating Defendants' motion to dismiss the Amended Consolidated Complaint, the Court take judicial notice of, or deem incorporated by reference, the documents identified below and attached to the Declaration of Vidya Mirmira as Exhibits 1 through 21.

Sixteen of these documents were included in Defendants' prior Request for Judicial Notice ("Request," ECF No. 100), which the Court granted ("Order," ECF No. 109 at 7-9). The other five are substantially similar to those documents (for example, additional Fund Fact Sheets or government publications) and are incorporated by reference or subject to judicial notice in connection with the Amended Consolidated Complaint ("Complaint," ECF No. 113) for the same reasons as detailed in Defendants' prior Request. These documents are as follows:

- Exhibit 1: 2013 Summary Plan Description for the Intel 401(k) Savings Plan, Intel Retirement Contribution Plan, and Intel Minimum Pension Plan. *This document was designated Exhibit 1 in the prior Request.*

- Exhibit 2: 2015 Summary Plan Description for the Intel 401(k) Savings Plan, Intel Retirement Contribution Plan, and Intel Minimum Pension Plan. *This document was designated Exhibit 2 in the prior Request..*

- Exhibit 3: Intel 401(k) Savings Plan Investment Policy Statement, as amended and restated on January 12, 2017, and Appendix C. *This document (apart from Appendix C) was designated Exhibit 3 in the prior Request.*

- Exhibit 4: Global Diversified Fund Fact Sheet (December 31, 2011). *This document was designated Exhibit 4 in the prior Request..*

- Exhibit 5: Global Diversified Fund Fact Sheet (September 30, 2015). *This document was designated Exhibit 5 in the prior Request.*

- Exhibit 6: Global Diversified Fund Fact Sheet (December 31, 2017). *This document was designated Exhibit 6 in the prior Request.*

- Exhibit 7: Global Diversified Fund Fact Sheet (December 31, 2018).

- Exhibit 8: Target Date 2045 Fund Fact Sheet (December 31, 2011). *This document was designated Exhibit 7 in the prior Request.*

- Exhibit 9: Target Date 2035 Fund Fact Sheet (September 30, 2015).  *This document was designated Exhibit 8 in the prior Request.*

- Exhibit 10: Target Date 2015 Fund Fact Sheet (September 30, 2015).  *This document was designated Exhibit 9 in the prior Request.*

- Exhibit 11: Target Date 2035 Fund Fact Sheet (December 31, 2017).  *This document was designated Exhibit 10 in the prior Request.*

- Exhibit 12: Report of the Investors' Committee to the President's Working Group on Financial Markets, "Principles and Best Practices for Hedge Fund Investors" (April 15, 2008).

- Exhibit 13: U.S. Government Accountability Office Report, "Guidance Needed to Better Inform Plans of the Challenges and Risks of Investing in Hedge Funds and Private Equity" (August 2008).

- Exhibit 14: Statement of Barbara Bovbjerg, U.S. Government Accountability Office, "Plans Face Valuation and Other Challenges When Investing in Hedge Funds and Private Equity" (July 20, 2010).

- Exhibit 15: Statement of Barbara Bovbjerg, U.S. Government Accountability Office, "Plans Face Challenges When Investing in Hedge Funds and Private Equity" (August 31, 2011).  *This document was designated Exhibit 12 in the prior Request.*

- Exhibit 16: June 3, 2020 Letter of Louis Campagna, Chief of the Division of Fiduciary Interpretations, U.S. Department of Labor Employee Benefits Security Administration (Office of Regulations and Interpretations) to Jon Breyfogle, Esq. of Groom Law Group, Chartered.  *This document was designated Exhibit 13 in the prior Request.*

- Exhibit 17: "Target Date Retirement Funds—Tips for ERISA Plan Fiduciaries," U.S. Department of Labor Employee Benefits Security Administration (February 2013).  *This document was designated Exhibit 14 in the prior Request.*

- Exhibit 18: "Intel Custom Target-Date Evolution," PIMCO, DC Dialogue (Volume 9, Issue 3) (March/April 2014).  *This document was designated Exhibit 15 in the prior Request.*

- Exhibit 19: Morningstar "2018 Target-Date Fund Landscape" (May 7, 2018).  *This document was designated Exhibit 16 in the prior Request.*

- Exhibit 20: T. Rowe Price Retirement 2015 Fund Fact Sheet (March 31, 2020).  *This document was designated Exhibit 17 in the prior Request.*

- Exhibit 21: Fidelity Freedom 2035 Fund Summary Prospectus (May 30, 2020).

**MEMORANDUM OF POINTS AND AUTHORITIES**

In conjunction with their prior motion to dismiss, Defendants requested that the Court find certain documents incorporated by reference in the prior complaint.  *See* Order at 7-8.  Defendants further requested that the Court take judicial notice of certain other documents.  *Id.*  The Court

- 3 -

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
CASE NO. 5:19-CV-04618-LHK; CASE NO. 5:16-CV-00522-LHK; CASE NO. 5:15-CV-04977-LHK

1   "agree[d] that [these] Exhibits" were "properly incorporated by reference" and "proper subjects of

2   judicial notice," and accordingly granted Defendants' request. *Id.* at 9.  Defendants now respectfully

3   request the same finding here as to sixteen documents addressed in the prior Request, as well as five

4   similar documents.  These documents are incorporated by reference in the Complaint, or subject to

5   judicial notice, for the same reasons as previously set out in the Court's Order.

## I. LEGAL STANDARD

As the Court previously explained:

> The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Moreover, courts may consider materials referenced in the complaint under the incorporation by reference doctrine, even if a plaintiff failed to attach those materials to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Order at 8.  Courts commonly find plan-related materials incorporated by reference in ERISA cases. *See*, *e.g.*, *Fisher v. Secchitano*, 2020 WL 1068873, at *5-6 (D. Or. Feb. 3, 2020), *report and recommendation adopted*, 2020 WL 1068068 (D. Or. Mar. 5, 2020), *aff'd*, 833 F. App'x 141 (9th Cir. 2021).

## II. ARGUMENT

As in the Court's prior Order, the documents discussed below are incorporated by reference in the Complaint or properly subject to judicial notice.

**Exhibits 1 and 2.**  Exhibits 1 and 2 are the 2013 and 2015 Summary Plan Descriptions ("SPDs") for the Intel 401(k) Savings Plan, Intel Retirement Contribution Plan, and Intel Minimum Pension Plan.  The Court found these documents incorporated by reference in the prior complaint. *See* Order at 9.  As before, these Exhibits are incorporated by reference because they form the basis of Counts III and IV alleging insufficient or misleading disclosures, and because they are referred to extensively in the Complaint, including through quotations and discussions similar to those in the prior complaint. *See* Compl. ¶¶ 383-389; *see also id.* ¶¶ 423.d, 436-437 (Counts III & IV); *compare*

ECF No. 95 ¶¶ 314-315, 347.d, 366.  The SPDs are further incorporated by reference in the Complaint as they explain the operation of the Minimum Pension Plan, *see, e.g.*, Ex. 2 at 21-24,[1] which the Complaint now relies on in connection with Counts I and II.  *See* Compl. ¶¶ 54, 316-321.

***Exhibit 3.***  Exhibit 3 is the Intel 401(k) Savings Plan Investment Policy Statement, which the Court found incorporated by reference in the prior complaint.  *See* Order at 9.[2]  Exhibit 3 "establishes the investment beliefs, investment objectives, policies and guidelines for the management of the assets of the Plan," Ex. 3 at 3, including the investment policies, allocation strategy, and benchmarking for the Intel Global Diversified Fund ("GDF") and the Intel Target Date Funds ("TDFs").  *Id.* at 5, 12-15.

As before, Exhibit 3 is incorporated by reference because it forms the basis of Plaintiffs' claims in Counts I, II, IV, V, and VI.  *See* Compl. ¶ 69 (asserting "[t]he breaches alleged against Defendants" relate to the "investment policies"); *id.* ¶¶ 398-399, 410-411 (Counts I & II, alleging imprudence in TDFs' asset allocation); ¶ 436.f (Count IV, alleging SPDs "[m]isrepresent[ed] the allocation strategy adopted for the Intel Target Date Funds"); *id.* ¶ 447.f-g (Count V, asserting duty to remove fiduciaries who allegedly "continued to maintain an imprudent asset allocation strategy" or "mischaracterized . . . the allocation strategy of the Intel Target Date Funds"); *id.* ¶¶ 453-459 (Count VI, asserting failure to act despite alleged awareness of "the asset allocation strategy" of the GDF and TDFs and allegedly misleading information regarding the "allocation strategy of the Intel Target Date Funds"); *compare* ECF No. 95 ¶¶ 67, 324, 335, 360.f-g, 366, 371-375, 377.

Exhibit 3 is also incorporated by reference because, as before, it is referred to extensively in the Complaint, both explicitly, through a detailed recitation of its provisions, and implicitly, through reference to the investment strategy or "investment style[]" it sets out.  *See* Compl. ¶¶ 133, 147, 153,

---

[1] All exhibit pincites refer to the page numbering branded on each exhibit.

[2] Exhibit 3 includes Appendix C to the Investment Policy Statement.  As the Investment Policy Statement explains, the appendix provides "[m]ore detailed monitoring and benchmarking detail" with regard to the TDFs and GDF.  Ex. 3 at 10.  Given the Complaint's inclusion of allegations regarding benchmarks for the TDFs and GDF, *see, e.g.*, Compl. ¶¶ 135-143, and its acknowledgement that such benchmarks "depend[] largely on the stated investment strategy and the actual investments of the fund," Compl. ¶ 138, Appendix C to the Investment Policy Statement, like the Investment Policy Statement itself, is incorporated by reference in the Complaint.

193; *compare* ECF No. 95 ¶¶ 131, 136, 139, 163.

***Exhibits 4, 5, 6, 7, 8, 9, 10, and 11.*** Exhibits 4 through 11 are quarterly Fund Fact Sheets for the GDF and TDFs 2015, 2035, and 2045. The Court found Exhibits 4-6 and 8-11 incorporated by reference in the prior complaint, *see* Order at 9; Exhibit 7 is an additional GDF Fund Fact Sheet dated December 31, 2018. As before, these Exhibits are incorporated by reference because Fund Fact Sheets for the GDF and TDFs form the basis of Plaintiffs' claim in Count III alleging insufficient or misleading disclosures (and provide information regarding performance and fees that form the basis of Plaintiffs' claims in Counts I and II), and also because they are referred to extensively in the Complaint, including through quotations and discussions similar to those in the prior complaint. *See* Compl. ¶¶ 101, 137, 141, 151 n.11, 178, 226, 301-302, 304, 379-382; *id.* ¶ 423.c & f (Count III); *see also* Compl., Exhibit A (Declaration of Samuel Halpern) ¶¶ 10, 15 n.8, 16, 21 & n.11; Compl., Exhibit B (Declaration of Dr. Steve Pomerantz) ¶ 21; *compare* ECF No. 95 ¶¶ 99, 184, 250-251, 253, 310-313, 347.c.

***Exhibit 12.*** Exhibit 12 is the Report of the Investors' Committee to the President's Working Group on Financial Markets dated April 15, 2008, titled "Principles and Best Practices for Hedge Fund Investors." Like Exhibit 15 (discussed below), which the Court previously found incorporated by reference, *see* Order at 9, Exhibit 12 is a government publication that is referred to extensively in the Complaint, including through quotations and specific discussions of its contents. *See* Compl. ¶¶ 259, 275, 282, 365. Accordingly, Exhibit 12 is incorporated by reference.

***Exhibits 13, 14, and 15.*** Exhibits 13, 14, and 15 are publications from the U.S. Government Accountability Office issued in August 2008, July 2010, and August 2011, respectively. The Court found Exhibit 15 incorporated by reference in the prior complaint. *See* Order at 9. As with Exhibit 15 in the prior complaint, these Exhibits are incorporated by reference because they are referred to extensively in the Complaint, including through quotations and specific discussions of their contents. *See* Compl. ¶¶ 233, 335 (Ex. 13); *id.* ¶ 234 (Ex. 14); *id.* ¶¶ 261, 283, 324 (Ex. 15); *id.* ¶¶ 260, 295, 331 (Exs. 13 & 14); *id.* ¶¶ 235, 263, 265, 271, 278, 280, 292, 332 (Exs. 13, 14, & 15); *compare* ECF No. 95 ¶¶ 191, 214 & n.22, 216 & nn.23-24, 224 & n.29, 232 & n.32, 244 & n.41, 261, 271 & nn. 48-50 (discussing or citing Exhibit 15).

***Exhibit 16.***  Exhibit 16 is a June 3, 2020 letter from Louis Campagna, Chief of the Division of Fiduciary Interpretations within the Employee Benefits Security Administration's Office of Regulations and Interpretations, a division of the U.S. Department of Labor, to Jon Breyfogle, Esq. of Groom Law Group, Chartered.  The Court previously found this document properly subject to judicial notice.  *See* Order at 9.  As before, Defendants request that the Court take judicial notice of the fact that the U.S. Department of Labor has issued an Information Letter concluding that private equity investments may appropriately be included in the portfolios of defined contribution plans governed by ERISA.  Ex. 16 at 3-5.

***Exhibit 17.***  Exhibit 17 is a February 2013 guidance document prepared by the U.S. Department of Labor's Employee Benefits Security Administration, titled "Target Date Retirement Funds—Tips for ERISA Plan Fiduciaries."  The Court previously found this document properly subject to judicial notice.  *See* Order at 9.  The Complaint now expressly relies on Exhibit 17, including by incorporating a lengthy quotation from it.  Compl. ¶¶ 141 n.6, 150 & n.10.  Thus, Exhibit 17 is both incorporated by reference and a proper subject of judicial notice as to the fact that the U.S. Department of Labor has provided guidance to plan fiduciaries regarding factors to consider in selecting target date funds for their plans.  Ex. 17 at 1.

***Exhibit 18.***  Exhibit 18 is an article from the March/April 2014 edition of the PIMCO publication DC Dialogue, titled "Intel Custom Target-Date Evolution."  The Court found this document incorporated by reference in the prior complaint.  *See* Order at 9.  The Complaint retains without alteration the same references to this Exhibit as the prior complaint.  *See* Compl. ¶¶ 85, 267 & n.40; *compare* ECF No. 95 ¶¶ 83, 220 & n.25.  Accordingly, as before, this Exhibit is incorporated by reference.

***Exhibit 19.***  Exhibit 19 is the Morningstar publication "2018 Target-Date Fund Landscape."  The Court found this document incorporated by reference in the prior complaint.  *See* Order at 9.  The Complaint retains essentially the same references to this Exhibit as the prior complaint.  *See* Compl. ¶¶ 156-159, 170, 229; *compare* ECF No. 95 ¶¶ 141-44, 151, 187.  Accordingly, as before, this Exhibit is incorporated by reference.

***Exhibits 20 and 21.***  Exhibit 20 is the T. Rowe Price Retirement 2015 Fund Fact Sheet dated

March 31, 2020.  Exhibit 21 is the Fidelity Freedom 2035 Fund Summary Prospectus dated May 30, 2020.  The Court previously found Exhibit 20 a proper subject of judicial notice, *see* Order at 9, and Exhibit 21 is a second example of the same type of document:  a publicly available description of the strategies and objectives of funds Plaintiffs claim to be appropriate comparators to the funds at issue here.  As publicly available documents "the accuracy of which is not reasonably subject to dispute," these Exhibits are properly subject to judicial notice.  *Kipling v. Flex Ltd.*, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020) (taking judicial notice of publicly available investor presentations, earnings calls, and SEC filings); *see also In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *6-7 (N.D. Cal. Apr. 28, 2020) (taking judicial notice of publicly available prospectus).  As to Exhibit 20, Defendants request that the Court take judicial notice of the fact that the stated objective of the T. Rowe Price Retirement 2015 Fund is to "seek[] the highest total return over time consistent with an emphasis on both capital growth and income."  Ex. 20 at 1.  As to Exhibit 21, Defendants request that the Court take judicial notice of the fact that the stated objective of the Fidelity Freedom 2035 Fund is to "seek[] high total return until its target retirement date" and "[t]hereafter . . . seek high current income and, as a secondary objective, capital appreciation."  Ex. 21 at 2.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that, in connection with their motion to dismiss, the Court consider the documents attached to the Mirmira Declaration as Exhibits 1 through 21.

Dated: May 5, 2021

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ Dane H. Butswinkas
Dane H. Butswinkas (*pro hac vice*)
Daniel F. Katz (*pro hac vice*)
Vidya Atre Mirmira (*pro hac vice*)
David Kurtzer-Ellenbogen (*pro hac vice*)
Juli Ann Lund (*pro hac vice*)
WILLIAMS AND CONNOLLY LLP
725 12th Street, NW
Washington, D.C. 20005
Telephone: (202) 434-5000
Email: dbutswinkas@wc.com
    dkatz@wc.com
    vmirmira@wc.com
    dkurtzer@wc.com
    jlund@wc.com

Scott P. Cooper (Cal. Bar No. 96905)
Jennifer L. Jones (Cal. Bar No. 284624)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Email: scooper@proskauer.com
    jljones@proskauer.com

Myron D. Rumeld (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Email: mrumeld@proskauer.com

- 9 -

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
CASE NO. 5:19-CV-04618-LHK; CASE NO. 5:16-CV-00522-LHK; CASE NO. 5:15-CV-04977-LHK