1  R. Joseph Barton (Cal. Bar No. 212340)
   BLOCK & LEVITON LLP
2  1633 Connecticut Avenue NW
   Suite 200
3  Washington DC 20009
   Telephone: (202) 734-7046
4  Facsimile: (617) 507-6020
   jbarton@blockesq.com

5  *Attorneys for Plaintiff*
6  [additional counsel listed on signature page]

7  Scott P. Cooper (Cal. Bar No. 96905)
   Jennifer L. Jones (Cal. Bar No. 284624)
8  PROSKAUER ROSE LLP
   2029 Century Park East, Suite 2400
9  Los Angeles, CA 90067-3010
   Telephone: (310) 557-2900
10 Facsimile: (310) 557-2193
   scooper@proskauer.com
11 jljones@proskauer.com

12 *Attorneys for Defendants*
   [additional counsel listed on signature page]

13

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| WINSTON R. ANDERSON, and CHRISTOPHER SULYMA and all others similarly situated, | Case No: 19-cv-04618-LHK (Consolidated with No. 15-cv-04977 and No. 16-cv-00522) |
| Plaintiffs, | **JOINT STATEMENT REGARDING DISCOVERY DISPUTE** |
| v. | |
| INTEL CORPORATION INVESTMENT POLICY COMMITTEE, ET AL, | |
| Defendants, | |
| and | |
| INTEL 401(K) SAVINGS PLAN and INTEL RETIREMENT CONTRIBUTION PLAN, | |
| Nominal Defendants. | |

This Joint Statement addresses a discovery dispute between Plaintiffs and Defendants in a putative class action under the Employee Retirement Income Security Act ("ERISA"). The parties met and conferred by phone regarding the issue on September 9, 2021 and November 18, 2021. There are 278 days until the close of fact discovery on September 20, 2022 and 466 days until trial on March 27, 2023.

I.  PLAINITFFS' STATEMENT

Defendants have failed to produce the key core documents—the final meeting minutes and materials prepared for meetings of the Intel Retirements Plans Investment Policy Committee and Administrative Committee and the Finance Committee of Intel Board of Directors ("the Committees"). These materials are responsive to Request for Production ("RFP") Nos. 2–7 issued to Defendants in 2016. *See* Ex. A. After the Court clarified in July 2021 that discovery should be proceeding on *all* claims, in August 2021, Plaintiffs asked Defendants to promptly produce the final meeting minutes and materials. Although these documents are unquestionably responsive and discoverable and are uniquely valuable now to reasonably confer and agree upon ESI terms, Defendants still have not produced them.

Shortly after RFP Nos. 2–7 were issued in 2016, discovery was limited to issues that related to the timeliness of Plaintiff Sulyma's claims only. As a result, Defendants did not produce any documents in response to Nos. 2–7 in 2016 (nor have they at any time since). After judgment for Defendants was reversed and the original *Sulyma* case was remanded, *Sulyma* was consolidated with *Anderson* in May 2020. ECF No. 89. Until July 2021, Defendants argued that discovery was not permitted on any claims that were subject of Defendants' motion to dismiss. ECF No. 127 at 17. After the Court clarified on July 29, 2021 that fact discovery was not stayed and should proceed on all claims (ECF No. 128), Plaintiffs requested in August 2021 that Defendants produce the committee meeting minutes and materials. Defendants supplemented their production of documents identified in their Rule 26(a) disclosures in August and September 2021 but did not produce the meeting minutes or materials. Defendants did not produce them when they amended their written responses to RFP Nos. 2–7 on September 22, 2021. *See* Ex. B at 5–9. To date, Defendants have not produced any minutes or materials for even a single

committee meeting. Instead, they have only produced documents related to their affirmative statute of limitations defense or documents specific to Plaintiffs individually.

These meeting minutes and materials for the Committees are relevant because the central allegation of the Complaint is that the Committees breached their ERISA fiduciary duties regarding the investment decision and disclosures for two Intel-sponsored defined contribution retirement plans ("the Plans"). Counts I and II allege that the Investment Policy Committee breached their fiduciary duties by engaging in flawed decision-making and inadequate processes concerning the investment of Plan assets by, among other things, maintaining costly and poorly performing Intel's custom Target Date and Global Diversified Portfolios among the Plans' investment options and excessively allocating these Portfolios to hedge funds and private equity despite these investments' significant underperformance, risks, and fees. ECF No. 113 ¶¶ 393–414. Counts III and IV allege that the Administrative Committee failed to provide and disclose material information about these investments to plan participants. *Id.* ¶¶ 415–440. Count V alleges that the Finance Committee failed to properly monitor and remove the members of the Investment Committee and Administrative Committee. *Id.* ¶¶ 441–449. These meeting minutes and meeting materials are relevant because they will disclose the Committees' decisions and processes (*e.g.*, what they considered, who they consulted, what they decided, how they decided, and when and how often they reviewed and made such decisions). The final versions of the minutes and materials are likely kept in an organized way and should be readily able to be produced. Plaintiffs cannot obtain these documents elsewhere.

Additionally, the meeting minutes and meeting materials will provide important, useful information to Plaintiffs' counsel to target any future discovery requests (including to non-parties) and agree on search terms to use to search for documents and on ESI custodians. The Committee minutes and materials will likely reference individuals and entities whom the Committees consulted with or involved in their processes. As these documents may also identify the terms and language that the Committees used to refer to, for example, the portfolios and underlying investments, the disclosures to participants, and the process, procedures, or steps for monitoring other Committee members, these documents will assist Plaintiffs in proposing search

terms and custodians and evaluating Defendants' search terms and custodians and in identifying responsive documents in an efficient and timely manner. The meeting minutes and materials will help Plaintiffs identify non-parties from which to seek discovery. As such, any additional delay in Defendants' production of these documents adds to the costs and burdens of additional discovery in this litigation.

"[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Am. Alt. Ins. Corp. v. Coyne*, No. 14-cv-01483, 2015 WL 3863172, at *3 (N.D. Cal. June 19, 2015) (quoting *Louisiana P. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012)). Given the resources of the multi-billion Plans and their fiduciaries, it is inconceivable that Defendants cannot readily locate and produce their own meeting minutes and materials (or even a subset of them). Defendants have not provided any cogent explanation or basis for their failure to produce the documents for months. Instead, they simply want to selectively produce only those documents that aid their defense to Plaintiffs' claims. As these are basic documents that should be readily accessible, they should be ordered to produce them promptly.

## II.    DEFENDANTS' STATEMENT

Plaintiffs egregiously misstate Defendants' position in contending that Defendants "want to selectively produce only those documents that aid their defense." Defendants have *agreed* to produce the documents at issue. This dispute pertains only to *timing*—whether Defendants must produce immediately and out of order a particular subset of documents of Plaintiffs' choosing, or may implement a more orderly and efficient process that will not prejudice Plaintiffs in any way.

Plaintiffs' putative class claims span 15 years, two retirement plans, and more than a dozen investment funds, and are directed at 21 individual defendants—members of Intel's Board of Directors and senior Intel employees, most of whom served on one of the three committees above. In response to Plaintiffs' document requests, Defendants circulated to Plaintiffs nearly three months ago (in September) a list of 47 proposed custodians and 60 search terms or strings. Defendants also prepared and served detailed interrogatory responses and other written discovery

identifying, among other things, dozens of other potentially relevant persons and entities. And Defendants made substantial document productions of categories of material that do not require significant review for responsiveness or privilege, such as plan materials (including extensive performance information) and disclosures. Defendants' active engagement on these issues was intended to, and has, situated Plaintiffs to constructively engage on further document production parameters. Defendants have thus repeatedly asked to confer with Plaintiffs on Defendants' proposed terms and custodians as a preparatory step towards efficient comprehensive document production. But Plaintiffs have steadfastly refused to engage, insisting that they will not and cannot do so until Defendants produce immediately one particular subset of documents: committee minutes and materials.

Plaintiffs suggest that those documents could be produced at a trivial cost and burden. But that is not so. Plaintiffs' claims date back to 2006. Given changes to Intel's retirement plans over time as well as the departure of various personnel from Intel during that period, isolating and collecting a comprehensive set of final minutes and materials for the requested period requires extensive manual effort. Nor could those documents simply be produced with the push of a button once collected. First, not every set of minutes or related materials necessarily is responsive; many such documents may not be relevant at all to this case. Second, it is common for counsel to give legal advice at committee meetings, necessitating close privilege review.

Defendants have shared with Plaintiffs their estimate (at this point preliminary and conservative) that more than a thousand documents and 25,000 pages of material would need to be reviewed for the immediate production Plaintiffs are demanding. While possibly a relatively small volume relative to the case as a whole, Defendants should not be compelled to draft a review protocol, retain and train a review team, and undertake a production specific to these RFPs, only to have that team disbanded or sitting inactive until Plaintiffs deign to respond to the proposed scoping parameters that Defendants provided to Plaintiffs *months* ago. Notwithstanding Defendants' repeated requests, Plaintiffs have identified no authority compelling a producing party to produce documents in the order demanded by the requesting party. After all, a responding party is "best situated to evaluate the procedures . . . appropriate" for its document

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
CASE NO. 5:19-cv-04618-LHK                         4

production, without "direction from . . . opposing counsel." *The Sedona Principles, Third Edition*, 19 SEDONA CONF. J. 1, 118 (2018).

Plaintiffs argue that they need committee minutes and materials to engage with Defendants on further ESI parameters. That argument fails for the simple reason that it is hardly common for a party to do what Plaintiffs are doing here, demanding that subsets of responsive documents be produced as a condition precedent to conferral on comprehensive discovery. Defendants have engaged actively and in good faith in responding to Plaintiffs' six sets of document production, four sets of interrogatories, and two sets of requests for admissions; Plaintiffs—represented by capable and experienced ERISA counsel—have ample information available to confer with Defendants on ESI parameters.

Plaintiffs will suffer no prejudice from the denial of their request that Defendants front-load document production in Plaintiffs' preferred order. There are still nine months left of fact discovery, and the documents at issue plainly have no bearing on the pending motion to dismiss, which will be decided taking Plaintiffs' well-pleaded allegations as true. If Plaintiffs' request is not denied on this statement alone, Defendants respectfully request the opportunity to present in full detail through briefing both the full factual picture at issue (the nature of the burdens that will be imposed, as well as a fuller description of the parties' exchanges and conferrals to date) and the legal principles implicated.[1]

---

[1] In the context of such briefing, Defendants also would cross-move to stay discovery. Briefing on Defendants' motion to dismiss was completed in early July 2021. At the time that the Court opened discovery in full a few weeks later (ECF No. 128), neither side had sought any discovery since the Court's dismissal of all putative class claims in January 2021 (ECF No. 109). Since August, Defendants have actively participated in written discovery and sought to engage in ESI conferral as discussed above, but Defendants do not believe that the Court intended Defendants to undertake six- or seven-figure document production obligations before the sufficiency of the pleadings was shown, after Plaintiffs' initial and unsuccessful effort at stating class claims. No previous stay has been sought, and Defendants respectfully submit that at this point, the factors warranting a stay of costly further document production pending resolution of Defendants' pending motion are amply demonstrated. *See, e.g.*, *Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884 (N.D. Cal. Dec. 9, 2021) (granting stay pending resolution of motion to dismiss; defendant "cannot be faulted for not seeking a discovery stay while productive meet-and-confer was occurring," and given the "significant volume of discovery review," "efficiency and conservation of the parties' resources . . . favors a discovery stay").

Dated: December 17, 2021

| | |
|---|---|
| By: */s/ Vincent Cheng*<br>Vincent Cheng (Cal. Bar No. 230827)<br>BLOCK & LEVITON LLP<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>vincent@blockesq.com<br>Telephone: (415) 968-8999<br>Facsimile: (617) 507-6020<br><br>R. Joseph Barton (Cal. Bar No. 212340)<br>BLOCK & LEVITON LLP<br>1633 Connecticut Avenue NW, Suite 200<br>Washington DC 20009<br>jbarton@blockesq.com<br>Telephone: (202) 734-7046<br>Facsimile: (617) 507-6020<br><br>Joseph Creitz (Cal Bar. No. 169552)<br>Lisa Serebin (Cal Bar No. 146312)<br>CREITZ & SEREBIN LLP<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>joe@creitzserebin.com<br>lisa@creitzserebin.com<br>Telephone: (415) 466-3090<br>Facsimile: (415) 513-4475<br><br>Gregory Y. Porter (admitted *pro hac vice*)<br>Ryan Thomas Jenny (pro hac vice)<br>Michael Murphy (pro hac vice)<br>BAILEY & GLASSER LLP<br>1054 31st Street, NW, Suite 230<br>Washington, D.C. 20007<br>gporter@baileyglasser.com<br>rjenny@baileyglasser.com<br>Telephone: (202) 463-2101<br>Facsimile: (202) 463-2103<br><br>Mark George Boyko (*pro hac vice*)<br>BAILEY & GLASSER LLP<br>8012 Bonhomme Avenue, Suite 300<br>Clayton, MO 63105<br>mboyko@baileyglasser.com<br>Telephone: (304) 345-6555 | By: */s/ David Kurtzer-Ellenbogen*<br>Scott P. Cooper (Cal. Bar No. 96905)<br>Jennifer L. Jones (Cal. Bar No. 284624)<br>PROSKAUER ROSE LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3010<br>scooper@proskauer.com<br>jljones@proskauer.com<br>Telephone: (310) 557-2900<br>Facsimile: (310) 557-2193<br><br>Myron D. Rumeld (*pro hac vice*<br>application forthcoming)<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY 10036-8299<br>mrumeld@proskauer.com<br>Telephone: 212.969.3000<br>Facsimile: 212.969.2900<br><br>Dane H. Butswinkas (*pro hac vice*)<br>Daniel F. Katz (*pro hac vice*)<br>Vidya Atre Mirmira (*pro hac vice*)<br>David S. Kurtzer-Ellenbogen (*pro hac vice*)<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>dbutswinkas@wc.com<br>dkatz@wc.com<br>vmirmira@wc.com<br>dkurtzer@wc.com<br>Telephone: (202) 434-5000<br>Facsimile: (202) 434-5029<br><br>*Attorneys for Defendants* |

1  Major Khan (to be admitted *pro hac vice*)
   MAJOR KHAN LLC
2  1120 Avenue of the Americas Suite 4100
   New York, NY 10036
3  mk@mk-llc.com
   Telephone: (646) 546-5664
4  Facsimile: (646) 546-5755

5  *Attorneys for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), the filer hereby attests that each signatory hereto authorized the execution of their electronic signature and has concurred in the filing hereof.

                                                                     */s/ Vincent Cheng*
                                                                     Vincent Cheng