UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON R. ANDERSON, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>INTEL CORPORATION INVESTMENT POLICY COMMITTEE, et al.,<br><br>        Defendants. | Case No. 19-cv-04618-VC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 163 |

      The only cause of action remaining in this case is Anderson's claim that the Intel Corporation Investment Policy Committee violated ERISA by failing to timely provide documents upon his request. *See* Dkt. No. 147 (dismissing Counts I–VI). ERISA mandates that the administrator of an employee benefit plan "shall, upon written request of any participant or beneficiary, furnish" certain plan documents. 29 U.S.C. § 1024(b)(4). Under ERISA section 502(c)(1), where an administrator "fails or refuses to comply" with such a request within 30 days, the administrator "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1).

      Anderson first sent a letter to the Committee requesting plan documents under ERISA in April 2017. He received two documents about six weeks later, but Anderson thought the response incomplete. He sent another letter reiterating his original request in December 2017. But, Anderson alleges, the Committee balked in a response it sent in February of 2018. Anderson sued 18 months later—as all agree, more than a year past the date of the Committee's alleged failure to provide him with the documents he requested.

      The Committee moves for judgment on the pleadings. At issue is a narrow legal question: What statute of limitations governs? In the Committee's view, a one-year statute of limitations

applies, rendering Anderson's sole remaining claim too late. In Anderson's view, a three-year statute of limitations applies, meaning that his claim is not barred.

ERISA does not provide a statute of limitations for claims like Anderson's. Where a federal statute fails to specify a limitations period, courts generally "apply the most closely analogous statute of limitations under state law." *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983). Two California limitations periods might apply. A one-year limitations period governs actions "upon a statute for a penalty." Cal. Civ. Proc. Code § 340(a). A three-year limitations period, by contrast, applies to actions "upon a liability created by statute, other than a penalty." Cal. Civ. Proc. Code § 338(a). In other words, whether a one-year or three-year limit applies turns on whether California law views ERISA section 502(c)(1) as imposing a "penalty."

Ninth Circuit law squarely answers the question: Within the meaning of California law, section 502(c)(1) does not impose a "penalty," meaning that the three-year limitations period applies. In *Stone v. Travelers Corp.*, the Circuit held that ERISA's "$100 per day recovery . . . is not a penalty for purposes of California limitation." 58 F.3d 434, 438 (9th Cir. 1995). *Stone* explained that "the test under California law for whether a recovery" counts as a "penalty" is "whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual." *Id.* (quotations and citation omitted). And the Court found that section 502(c)(1) addresses a wrong that is "substantially more private than public." *Id.* It therefore concluded that California's three-year limitation period applies to a claim brought under this ERISA provision for failure to provide plan documents. *Id.* at 439.

The Committee points out that after the Ninth Circuit decided *Stone*, the Department of Labor characterized section 502(c)(1) as a "penalty" for purposes of the Federal Civil Penalties Inflation Adjustment Act of 1990. *See* 29 C.F.R. § 2575.502c-1 (raising the amount in section 502(c)(1) from $100 to $110). Because the Department's action came later, the Committee asserts, *Stone* is no longer good law. For support, the Committee cites the Supreme Court's decision in *National Cable & Telecommunications Association v. Brand X Internet Services*,

2

which held that a "court's prior judicial construction of a statute trumps an agency construction otherwise entitled to *Chevron* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion." 545 U.S. 967, 982 (2005).

However, assuming the Department of Labor's decision to classify section 502(c)(1) as a penalty provision warrants *Chevron* deference in how the provision is to be interpreted as a matter of federal law, that decision does not change how California law applies. The Department could characterize section 502(c)(1) as a penalty, a remedy, a tax, or highway robbery—it makes no difference. Nothing the Department says can change how California law would treat the statute, which is the only law that matters where a federal statute fails to provide a statute of limitations. *See DelCostello*, 462 U.S. at 158.

Indeed, *Stone* itself emphasized that the label of the provision is not what matters, but rather the application of California's public wrong/private wrong test to the provision however it may be labeled. *Stone* relied on the Ninth Circuit's prior decision in *Rivera v. Anaya*, which considered which California statute of limitation is most analogous to the Federal Farm Labor Contractor Registration Act. 726 F.2d 564, 566–67 (9th Cir. 1984). After examining the various statutes and relevant California cases, *Rivera* explained that "California's highest court would properly characterize this action as a private suit for damages subject to" the State's three-year limitations period. *Id.* at 567. In *Stone*, the Court acknowledged one difference between the Farm Labor provision and ERISA section 502(c)(1): The Farm Labor provision labeled itself a "damages" provision, whereas section 502(c)(1) "simply refers to 'an amount of up to $100 a day.'" 58 F.3d at 439 (quoting 29 U.S.C. § 1132(c)(1)). But this was not a significant distinction, *Stone* explained, because both provisions fell on the "private wrong" side of the test, and so both provisions were subject to California's three-year statute of limitations. The fact that the Department of Labor has now explicitly labeled section 502(c)(1) as a penalty does not suddenly mean that it now remedies a "public wrong" within the meaning of California law.

The Committee correctly points out that every other federal circuit court to address the

issue has characterized section 502(c)(1) as a penalty. *See Brown v. Rawlings Financial Services, LLC*, 868 F.3d 126, 129 n.4 (2d Cir. 2017) (noting that the Third, Fourth, Sixth, Seventh, Eighth, and Eleventh Circuits have "concluded" that the provision "is punitive rather than remedial"); *see also Babin v. Quality Energy Services, Inc.*, 877 F.3d 621, 627 (5th Cir. 2017). But even if there is tension between these decisions and *Stone*, it bears emphasis that each of the circuits is answering a different question. Specifically, the circuits are asking how the various state statutes of limitation would treat the ERISA provision. For instance, the Fifth Circuit looked to how "Louisiana courts treat a fiduciary's deliberate offenses" to decide section 502(c)(1)'s statute of limitations for purposes of Louisiana law. *Babin*, 877 F.3d at 626. And the Second Circuit focused on "[s]everal cases from Connecticut's highest court" to examine whether section 502(c)(1) would count as "penal" under Connecticut law. *Brown*, 868 F.3d at 130–31. The Fifth Circuit's decision in *Babin* would not control a later case arising under Texas law, and the Second Circuit's decision in *Brown* would not dictate the outcome in a case arising under New York law. By the same token, *Babin* and *Brown* carry little weight when it comes to California law.

In other words, the Committee is wrong to characterize the Ninth Circuit's ruling in *Stone* as creating a "split" with the other circuits. And the Committee is wrong to argue that the Department of Labor's characterization of section 502(c)(1) as imposing a "penalty" allows a district court to conclude that *Stone* is no longer good law. Perhaps *Stone* is wrong as a matter of California law, but if so, it was equally wrong before and after the Department of Labor labeled the provision a "penalty." That means it is for an en banc panel of the Circuit (or the California Supreme Court) to right that wrong. Until then, the three-year statute of limitations continues to apply, and the motion for judgment on the pleadings is denied.

**IT IS SO ORDERED.**

Dated: May 13, 2022

_____
VINCE CHHABRIA
United States District Judge